# IN THE SUPREME COURT OF IOWA

No. 17–1838

Filed April 26, 2019

**STATE OF IOWA,**

Appellee,

vs.

**JONATHAN SHANE WESTON,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Appanoose County, Randy S. DeGeest, Judge.

A defendant appeals the sentence imposed following his domestic abuse assault causing bodily injury conviction. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; SENTENCE VACATED IN PART AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Katherine M. Krickbaum, Assistant Attorney General, and Susan C. Daniels, County Attorney, for appellee.

**PER CURIAM.**

Jonathan Weston appeals following his conviction for domestic abuse assault causing bodily injury, in violation of Iowa Code sections 708.1 and 708.2A(2)(*b*) (2017). His challenges are to the sentencing procedure and the sentence imposed.

We transferred the case to the court of appeals. The court of appeals affirmed Weston's sentence. Weston asked for further review, which we granted.

On further review, we choose to let the court of appeals decision stand as our final decision regarding the issue of whether the district court gave Weston his right of allocution. *See State v. Baker*, ___ N.W.2d ___, ___ (Iowa 2019) ("On further review, we have the discretion to review all or some of the issues raised on appeal or in the application for further review." (quoting *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012))). Therefore, we affirm Weston's sentencing procedure.

As to Weston's argument that the district court erred in ordering him to pay restitution without first determining his reasonable ability to pay, we find his sentence regarding restitution should be vacated. In *State v. Albright*, ___ N.W.2d ____ (Iowa 2019), filed after the court of appeals decision in this case, we set forth the procedure to follow when determining the restitution obligation of a defendant. There we held that certain items of restitution are subject to a reasonable-ability-to-pay determination. *Id.* at ____; *see also* Iowa Code § 910.2(1). We also clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order. *Albright*, ___ N.W.2d at ___. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.*

Here, the district court did not have the benefit of the procedures outlined in *Albright* when it entered its order regarding restitution. Accordingly, we must vacate that part of the sentencing order regarding restitution and remand the case back to the district court to impose restitution consistent with our decision in *Albright*.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; SENTENCE VACATED IN PART AND CASE REMANDED.**

All justices concur except McDonald, J., who takes no part.

This opinion shall not be published.